IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TORDERA A. BARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-103 |
| ) | |
| WARDEN PHILBIN and ) | |
| OFFICER CALLOWAY, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE AMENDED COMPLAINT**

    **A.     BACKGROUND**

Because Plaintiff commenced this case by submitting a three-page, handwritten complaint, the Court instructed him to submit an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (See doc. no. 4.) Plaintiff's response included the standard complaint form, and another copy of the original, three-page handwritten complaint. On the portion of the complaint form reserved for a description of any grievance filed related to the complaint, Plaintiff stated he had already

forwarded the grievance to the Clerk's Office as part of the original complaint. (Doc. no. 7, p. 7.) Although the Court cautioned Plaintiff no portion of the prior complaint should be incorporated into the amended complaint by reference, in the interest of judicial economy and because Plaintiff's only copy of the grievance was already forwarded to the Clerk prior to receipt of the instruction from the Court that Plaintiff must maintain a set of records for the case, the Court will consider the grievance as part of the amended complaint.[1]

Plaintiff names the following Defendants: (1) Edwin Philbin, ASMP Warden; and (2) Officer Calloway, ASMP Correctional Officer. (Doc. no. 7, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 17, 2020, Defendant Calloway refused to provide Plaintiff with lunch, and the two "had words." (Doc. no. 7-1, p. 2.) Defendant Calloway entered Plaintiff's cell, used a chemical agent on him, and slapped "Plaintiff so hard he was knocked unconscious." (Id.; doc. no. 7, p. 5.) Plaintiff seeks punitive and compensatory damages, as well as placement in a facility other than ASMP. (Doc. no. 7, pp. 5, 13.)

B.    DISCUSSION

1.    **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[1]The Court **DIRECTS** the **CLERK** to attach Document 1-1 as an exhibit to the amended complaint at docket entry 7, to be designated as Document 7-1.

2

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However,

3

this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Philbin

Plaintiff fails to state a claim for relief against Warden Philbin based on his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Philbin liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name Warden Philbin as a Defendant not because of his direct involvement in the events about which he complains, but by virtue of his

4

supervisory position at ASMP. Plaintiff states, "Warden Philbin is the Warden at (ASMP) and is legally responsible for the operation of this prison." (Doc. no. 7, p. 12.)

Nowhere does Plaintiff allege Defendant Philbin was present for, or participated in, the actions attributed to Defendant Calloway. Nor can Plaintiff establish liability by alleging Warden Philbin ruled on a grievance. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Nor has Plaintiff alleged the requisite causal connection between Defendant Philbin and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged

constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread abuse regarding use of excessive force, (2) an improper custom or policy put in place by Defendant Philbin regarding excessive force, or (3) an inference Warden Philbin directed prison employees to act, or knew they would act, unlawfully. At best, Plaintiff has alleged he used the grievance procedure, and the Warden denied the grievance. As a prison grievance procedure does not provide a constitutionally protected interest, Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011), and as explained above, supervisory liability cannot be imposed based on ruling on a grievance, Warden Philbin cannot be held liable based on the manner in which he addressed Plaintiff's grievance. In sum, Plaintiff has not shown Defendant Philbin actually participated in the

6

alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against him, and Defendant Philbin should be dismissed from this case.

### 3. Official Capacity Monetary Damages

In one portion of the amended complaint, Plaintiff states he is suing Defendants only in their individual capacities.  (Doc. no. 7, p. 2.)  Yet in a different portion of the amended complaint, Plaintiff states he is suing Defendants in both their individual and official capacities.  (Id. at 12.)  Given the conflicting information, the Court will address any claim for official capacity monetary damages Plaintiff may have intended to raise.  The Eleventh Amendment bars official capacity claims against state prison officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, any official capacity claims against both Defendants for monetary relief fail as a matter of law and should be dismissed.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Philbin, along with all official capacity claims for money damages against both Defendants, be **DISMISSED** from this case.  By separate Order, the Court directs service of process on Defendant Calloway based on Plaintiff's excessive force allegations.

SO REPORTED and RECOMMENDED this 11th day of December, 2020, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA