IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TORDERA A. BARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-103 |
| | ) | |
| OFFICER TAURIS CALLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Defendant filed a Motion to Dismiss for Want of Prosecution. Plaintiff has not responded, and therefore the motion is deemed unopposed under Local Rule 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 23), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.

**I.   BACKGROUND**

Because Plaintiff is proceeding IFP, the Court screened his amended complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). On December 11, 2020, the Court directed service of process on Defendant Calloway based on Plaintiff's allegations of use of excessive force. (See doc. no. 13.) In that December 11th Order, the Court directed Plaintiff to immediately inform the Court and opposing counsel of

any change of address and warned Plaintiff failing to do so would result in dismissal of the case.[1]  (Id. at 2.)  The December 11th order also informed Plaintiff of his duty to cooperate fully in any discovery initiated by Plaintiff and his failure to do so could result in dismissal of this case.  (Id. at 4.)  Finally, the December 11th order explained Plaintiff must pursue his case, and a failure to do so could result in dismissal under Federal Rule of Civil Procedure 41 and Local Rule 41.1.  (Id.)

Defendant filed his answer on February 9, 2021, and the Clerk issued a Scheduling Notice setting case deadlines.  (See doc. nos. 18, 19.)  Defendant noticed Plaintiff's deposition for May 6, 2021, but Plaintiff failed to appear.  (See doc. nos. 23-1, 23-2.)  In fact, records from the Georgia Department of Corrections show Plaintiff was released from prison on March 9, 2021.  (See doc. no. 23-2.)  However, Plaintiff has not provided an updated address to the Court, and Defendant's efforts to locate a new address for Plaintiff have proved unsuccessful, (doc. no. 23-2, pp. 3, 9.)

## II.     DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their

---

[1]The Court first informed Plaintiff of the requirement for keeping his address current with the Court in an order dated July 31, 2020.  (See doc. no. 4, p. 3.)  That order also warned Plaintiff his case would be dismissed if he failed to do so.  (Id.)

dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to keep the Court informed of his address and to appear for his deposition are direct violations of multiple Court orders, as described above, and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Plaintiff was warned that noncompliance could result in dismissal of his case. Plaintiff's failure to comply with the Court's orders amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.

### III. CONCLUSION

The Court recognizes Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

adjudication on the merits.[2]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 23), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 7th day of June, 2021, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).